**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, a foreign corporation, individually and as subrogee for its insureds UNION PACIFIC RAILROAD COMPANY AND UNION PACIFIC MOTOR FREIGHT COMPANY; DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, a foreign corporation, individually and as subrogee for its insureds UNION PACIFIC RAILROAD COMPANY and UNION PACIFIC MOTOR FREIGHT COMPANY, | 3:13-cv-00512-HDM-VPC  ORDER |
| Plaintiffs, | |
| vs. | |
| INTERMODAL MAINTENANCE SERVICES, INC., a foreign corporation; DOES I-X, inclusive; and ROE INSURANCE COMPANIES XI-XX, inclusive; and MOE CORPORATIONS XXI-XXX, inclusive, | |
| Defendants. | |

Before the court is plaintiffs Zurich American Insurance Company and Discover Property & Casualty Insurance Company's ("plaintiffs") motion for prejudgment interest, filed April 16, 2015 (#78). Defendant Intermodal Maintenance Services ("defendant")

1

filed a response (#79) and plaintiffs replied. (#80).

**Background**

The present action involves claims of indemnity and contribution in a subrogation matter stemming from an underlying action for personal injuries sustained by Bert Brasher, a truck driver for Devine Intermodal. Plaintiffs were the defending and indemnifying insurance companies for Union Pacific Motor Freight Company and Union Pacific Corporation. That action was resolved in the Second Judicial District Court for the State of Nevada in and for the County of Washoe, when plaintiffs paid a total settlement of $2,000,000 to Bert and Linda Brasher.

On September 18, 2013, plaintiffs filed the instant complaint asserting claims for relief for Breach of Contract, Express Indemnity, Implied and Equitable Indemnity, and Contribution. The parties submitted cross-motions for summary judgment and at a hearing on February 26, 2015, the court granted summary judgment in favor of plaintiffs on the express indemnity and breach of contract claims. A written order was filed on March 20, 2015. Judgment was rendered in the amount of $2,589,313, which represents the $2,000,000 settlement payment to the Brashers and $589,313 in attorneys' fees and costs plaintiffs incurred in the underlying case. Defendant filed a notice of appeal on April 10, 2015.

**The Motion**

Plaintiffs move for prejudgment interest. Defendant asserts: 1) the court has no jurisdiction to hear the motion; 2) plaintiffs' motion is untimely; 3) courts have discretion to choose whether state or federal prejudgment interest rules apply in the event of a conflict between state and federal laws; 4) plaintiffs never filed

2

and/or served an offer of settlement and therefore cannot recover prejudgment interest under Neb. Rev. Stat. 45-103.2 Section 1; 5) the $2,000,000 settlement paid to underlying plaintiff Bert Brasher was not a liquidated claim; and 6) as the ramp contractor agreement is silent as to prejudgment interest and the parties never stipulated to prejudgment interest, none should be awarded.

**Analysis**

A) Jurisdiction

Preliminarily, the court must determine whether it has jurisdiction to consider the motion brought by plaintiffs.

"[A] postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." *Osterneck v. Whinney*, 489 U.S. 169, 175 (1989). Defendants contend that by filing their notice of appeal, they divested this court of jurisdiction; however, "if a party files a notice of appeal after the court announces or enters a judgment - but before it disposes of a [motion under Rule 59(e)] - the notice becomes effective . . . when the order disposing of the last such remaining motion is entered." FED. R. APP. P. 4(B)(i). Therefore, defendant's notice of appeal does not transfer jurisdiction to the court of appeals until after this court adjudicates any timely brought motion to alter or amend the judgment.

Plaintiffs had 28 days from the entry of judgment to file their motion. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[1] Plaintiffs timely filed their motion on April 16,

---

[1] The 2009 Amendments to FRCP 59 extended the period for post-judgment motions to be filed from 10 days to 28 days.

2015.[2]

Defendant asserts the window for filing a motion pursuant to FRCP 59(e) is ten days under the holding of *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128 (9th Cir. 2004). *McCalla* was decided prior to the 2009 amendments to FRCP 59, which extended the time from 10 days to 28 days. In *McCalla*, the court found a motion for prejudgment interest should be considered a motion to alter or amend the judgment pursuant to FRCP 59(e). *Id.* The ten day time limit is mentioned only in the context of it being the time limit enumerated in the rule. *Id.* at 1130. Consequently, the court finds the 28 day time limit created by the 2009 amendments does not conflict with circuit precedent. Accordingly, the court has jurisdiction to consider plaintiff's motion.

B) Choice of Law

Plaintiffs contend the choice of law provision of the contract requires the application of Nebraska law, and that using Nebraska law is also consistent with this court's previous order concerning the parties' motions for summary judgment. Defendant asserts it is unclear whether state or federal law should apply to this case, and therefore federal law should be applied.

State law generally governs awards of prejudgment interest in diversity cases, unless the "substantive claim derives from federal law alone." *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008). The Ninth Circuit has found that when an action arises under diversity jurisdiction, the prejudgment interest is evaluated under state law, as it is substantive in

---

[2] Judgment was entered on March 20, 2015. Plaintiffs had until April 17, 2015, to file their motion.

4

nature. *See Lund v. Albrecht*, 936 F.2d 459, 464-65 (9th Cir. 1991); *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). Once a federal court determines the request is for prejudgment interest, it should look to the choice of law principles of the forum state when determining which state law to applies. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496-97 (1941).

In looking at state law, Nevada consistently upholds contractual provisions such as the Nebraska choice of law provision contained in the subject contract. In Nevada, courts "routinely honor contractual choice of law provisions." *Rio Properties, Inc. v. Stewart Annoyances, Ltd.*, 420 F.Supp.2d 1127, 1130-31 (D. Nev. 2006) (citing *Engel v. Ernst*, 102 Nev. 390 (1986)). Furthermore, the defendant has not alleged that the contract or the choice-of-law clause is invalid.

This court applied Nebraska law when considering the parties' summary judgment motions:

> Here, applying the Restatement's conflict of law provision, the court finds (1) there is no evidence that Nebraska governing law was selected in anything other than good faith between the parties; (2) Nebraska has a substantial relation to the transaction because Union Pacific is headquartered in Nebraska; and (3) applying Nebraska's statute of limitations comports with Nevada's recognized public interest in recognizing freedom to contract. Therefore, the court concludes Nebraska's statute of limitations applies to this case.

#71 at 11; 11-19. Moreover, defendant's attorney conceded during the hearing on the summary judgment motion that Nebraska law should govern the statute of limitations issue. He stated that Nebraska was "the choice of law selected by Union Pacific in the contract that they drafted. Matter of fact, their contract specifically says that these types of lawsuits had to be brought in Nebraska, and

5

would certainly suggest that they had a definite intent that all laws associated with Nebraska would be applied." #81 at 28; 1-8.

Therefore, the court concludes that Nebraska law governs the issue of prejudgment interest.

### C) Applicable Nebraska Law

Plaintiffs assert the prejudgment interest rate under Nebraska law is 12 percent per annum. Defendant asserts Nebraska law does not permit the recovery of prejudgment interest on claims that involve unliquidated claims, and as the instant case involves such an unliquidated claim, plaintiffs may not recover prejudgment interest.

Under Nebraska law, a claim is liquidated when there is "no reasonable controversy as to both the amount due and the plaintiff's right to recover." *Brook Valley*, 285 Neb. at 172-73. This inquiry is "two-pronged" and there must be no reasonable controversy on either issue. *Gerhold Concrete Co., Inc. v. St. Paul Fire and Marine Ins. Co.*, 269 Neb. 692, 701 (2005); *see also BSB Const., Inc. v. Pinnacle Bank*, 278 Neb. 1027, 1044 (2009).

The court concludes the claim in this case is liquidated. During the motion for summary judgment hearing filed on June 6, 2015, the court found that defendant failed to "assert that there are any material issue of fact in dispute on the amount of damages that were recovered in the underlying claim . . . ." at 48-49. In the response to plaintiff's motion for prejudgment interest, defendant presents no further evidence or argument in regard to the specific amount due to plaintiffs, but instead focuses on the issues currently on appeal in the Ninth Circuit concerning active negligence and spoilation of evidence. #79 at 11. Defendant thereby

disputes whether it is required to pay the judgment, but does not question the specific amount involved.

Additionally, it is undisputed that plaintiffs paid a settlement of $2,000,000 to the Brashers in the underlying action on March 13, 2013. As no reasonable controversy exists as to the amount due to plaintiffs, and plaintiffs are entitled to prejudgment interest at a rate of 12 percent per annum.

### 4) Pre-Judgment Interest Rate

Defendant contends that because the original contract does not address the rate of prejudgment interest and the parties did not stipulate to it, plaintiffs should not be allowed to collect prejudgment interest. Plaintiffs assert there is no requirement that the parties stipulate to an interest rate in the contract, and that they are entitled to prejudgment interest from the date the cause of action arose until the entry of judgment pursuant to Nebraska law.

Prejudgment interest for a liquidated claim runs from the "date the cause of action arose until the entry of judgment." Neb. Rev. Stat. § 45-103.02(2) (2014). Nebraska law provides, "unless otherwise agreed, interest shall be allowed at the rate of twelve percent per annum on money due on any instrument in writing..." Neb. Rev. St. § 45-104 (2014). In *Knox v. Cook*, the court determined that even though the lease in question did not specify a prejudgment interest rate, Neb. Rev. § 45-104 applied and the prejudgment interest rate would be twelve percent. *Knox v. Cook*, 233 Neb. 387, 395 (1989); *see also Valley County School Dist. 88-0005 v. Ericson State Bank*, 18 Neb.App. 624, 628 (2010) (finding that "because no interest rate had otherwise been agreed upon, the

7

statutory default rate of 12 percent per annum applied.")

Consequently, as the contract here does not contain an agreed-upon prejudgment interest rate, the court may use the default statutory rate. Under Neb. Rev. St. § 45-104, interest is due at a rate of twelve percent per annum "on an instrument in writing," which in this case is the contract between the two parties.

**Conclusion**

Accordingly, and based on the foregoing, plaintiffs Zurich American Insurance Company and Discover Property & Casualty Insurance Company's motion for prejudgment interest (#78) is GRANTED. Prejudgment interest shall be at the rate of twelve percent per annum from the date the $2,000,000 was paid by plaintiffs, until March 20, 2015, the date of judgment in this action.

IT IS SO ORDERED.

DATED: This 3rd day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE